UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62623-CIV-GAYLES

**FENDI S.R.L.**,

        **Plaintiff,**

v.

**AKAUFENG**, *et al.*,

        **Defendants.**

_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION
## AS TO DEFENDANT NUMBER 55

**THIS CAUSE** comes before the Court upon Plaintiff Fendi, S.r.l.'s ("Plaintiff") Motion for Consent Final Judgment and Permanent Injunction as to Defendant Number 55 ("Defendant") [ECF No. 41]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised.

Plaintiff and Defendant Xiao Fengfei (肖风飞) a/k/a xidress - Defendant Number 55 ("Defendant"), stipulate and consent to the following:

WHEREAS, Defendant adopted and began using trademarks in the United States that infringe and dilute the distinctive quality of Plaintiff's various registered trademarks as identified in Paragraph 15 of Plaintiff's Amended Complaint, [ECF No. 14], and on Schedule "B" annexed thereto (the "FENDI Marks");

WHEREAS, Defendant's use of names and marks which incorporate one or more of the FENDI Marks is likely to cause confusion as to source or origin;

WHEREAS, the parties desire to settle and have amicably resolved their dispute to their satisfaction; and

WHEREAS, based upon Plaintiff's good faith prior use of the FENDI Marks, Plaintiff has superior and exclusive rights in and to the FENDI Marks in the United States and any confusingly similar names or marks;

Accordingly, it is **STIPULATED, ORDERED, AND ADJUDGED** that Plaintiff's Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant [ECF No. 41] is **GRANTED** as follows:

1. Judgment is hereby entered in favor of Plaintiff and against Defendant.

2. Defendant and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using the FENDI Marks;

   b. using the FENDI Marks in connection with the sale of any unauthorized goods;

   c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

   d. falsely representing Defendant as being connected with Plaintiff, through sponsorship or association;

   e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant, are in any way endorsed by, approved by, and/or associated with Plaintiff;

   f. using any reproduction, counterfeit, copy, or colorable imitation of the FENDI Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

   g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

      h.      offering such goods in commerce; and from otherwise unfairly competing with Plaintiff;

      i.      secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the FENDI Marks; and

      j.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

3. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

4. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. Each party shall bear its own attorney's fees and costs.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

7. PayPal, Inc. ("PayPal") shall (1) transfer the funds of Defendant restrained pursuant to the Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "Temporary Restraining Order"), dated October 25, 2019 [ECF No. 8], as directed by Plaintiff's counsel; and (2) upon transfer of the funds to Plaintiff as required herein, PayPal shall remove any restraints that were placed on Defendant's PayPal account pursuant to the Temporary Restraining Order; and (3) return Defendant's account back to an unrestrained status in accordance with its operating procedures and contract for services with Defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE